# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHEL HENDRIX | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-14-364 |
| | * | |
| NOVARTIS PHARMACEUTICALS CORP. | * | |
| | ****** | |

## MEMORANDUM

Defendant has filed a motion pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Central District of California.[1]  The motion will be granted.

Plaintiff is a resident of the Central District of California.  Maryland has absolutely no connection to the subject matter of the action.  Apparently, plaintiff has brought the action in this court because Maryland has a three year statute of limitations and his claim may be barred by California's two year statute of limitations.

Maryland's statutory scheme requires application of California statute because plaintiff as a California resident has no connections to Maryland.  Md. Code, Cts & Jud. P. § 5-115(b).  I have previously upheld the constitutionality of this statute.  *See Helinski v. Appleton Papers*, 952 F. Supp. 2d 266, 274-75 (D. Md. 1997), *aff'd sub nom*. *Miller-Jackson v. Mead Corp.*, 139 F.3d 891 (4th Cir. 1998).

Plaintiff has not contested that all of the factors set forth in Section 1404(a) support transfer of this action to the Central District of California.

Date:  May 16, 2014  \_\_/s/_____
J. Frederick Motz
United States District Judge

---

[1] For some unexplained reason, in his opposition plaintiff states that defendant seeks to transfer the case to the United States District Court for the Southern District of Ohio.

1